IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-295-D

INVENTIV HEALTH CONSULTING, INC.,

Plaintiff,

v.

ALAN D. FRENCH, JR., PRIYA GOGIA,
JASON DEBASITIS, and JIERU ZHENG,

Defendants.

**CONSENT PROTECTIVE ORDER**

WHEREAS the parties jointly moved the Court for entry of a Consent Protective Order pursuant to Federal Rule of Civil Procedure 26(c), and

WHEREAS the discovery and pretrial phase of this action may involve disclosures of trade secrets and other confidential and proprietary business and financial information,

It is HEREBY ORDERED as follows:

1. **SCOPE.** This Order shall govern all pleadings and all forms of discovery including, but not limited to, testimony given at any deposition in this action, and all designated answers, documents, and other discovery materials or things disclosed by one party herein to another whether informally or in response to interrogatories, requests for admissions or request for production of documents, now pending or hereafter, any information obtained therefrom (hereinafter referred to as "Designated Information"), and documents and things provided by third parties.

2. **RIGHT TO DESIGNATE.** Any party to this action (hereinafter the "designating party") shall have the right to designate as "Confidential," or "Confidential –

Attorneys' Eyes Only," any information it believes to constitute trade secrets, or confidential or proprietary information, which it believes in good faith qualifies for protection under F.R.C.P. 26(a). The parties to this Protective Order agree that marking documents and things with the legend "Confidential – Attorneys' Eyes Only" shall be an exceptional classification and that the legend "Confidential – Attorneys' Eyes Only" shall be reserved for only the most highly sensitive business documents. Once a party designates material in accordance with this Protective Order, the parties shall similarly designate all copies thereof.

3. **"CONFIDENTIAL INFORMATION" DEFINED.** The term "Confidential Information" is defined to include all information, whether or not in writing, of a private, secret, or confidential nature concerning the parties' business, business relationships, or financial affairs. By way of illustration, but not limitation, Confidential Information may include inventions, products, processes, methods, techniques, formulas, compositions, compounds, projects, developments, plans, research data, clinical data, financial data, personnel data, software, documentation, computer programs, trade secrets, customer and supplier lists, contact information of customers or prospective customers of the parties, names of customers or prospective customers of the parties, and financial information, technical information, or data related to products, services, and customers of the parties.

4. **HOW TO DESIGNATE.**

   a. A designating party, in good faith, may designate "Confidential" or "Confidential – Attorneys' Eyes Only" information by marking each item or page with the plainly legible words, "Confidential – [name of producing/designating party]," or "Confidential – Attorneys' Eyes Only – [name of producing/designating party]."

   b. A designating party may also elect to designate information as "Confidential" or "Confidential – Attorneys' Eyes Only" after production and, in such case, the designating party shall notify in writing counsel for all other parties who will then so mark the Designated Information. Thereafter, counsel for all other parties shall treat the designated material as "Confidential" or "Confidential – Attorneys' Eyes Only" information, as appropriate, and shall take reasonable steps to reclaim any such Designated Information which may have reached the possession of any persons not authorized under this Protective Order to receive such information.

   c. No party shall be responsible to another party for any use of information produced and not identified by the producing party as "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with the provisions of this Protective Order.

   d. Deposition transcripts may be so designated either (1) before the court reporter transcribes the testimony, in which case each page of the portion of the transcript of the designated testimony shall be marked "Confidential" or "Confidential – Attorneys' Eyes Only" by the reporter, as the designating party may direct, or (2) by written notice to the reporter and all counsel of record, within fifteen (15) days after the court reporter notifies the parties that the transcript has been prepared, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as

directed by the designating party. All testimony elicited during depositions, hearings, and other proceedings shall be deemed "Confidential" until the expiration of fifteen (15) days after notification by the court reporter that the transcript has been prepared.

The restrictions and obligations set forth herein relating to Confidential materials shall not apply to any information which the parties agree, or the Court rules, (a) was or becomes public knowledge other than as a result of disclosure by the receiving party or (b) has come or shall come into the receiving party's legitimate possession independently of the providing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any Confidential materials if the parties agree or the Court rules that said person already had or obtained possession thereof legitimately.

5. **USE OF DESIGNATED INFORMATION.** All information produced under this Protective Order is to be used solely for this action and for no other purposes. After the effective date of the parties' agreement to the terms of this Stipulated Protective Order, which shall be deemed the date on which both parties have signed this stipulation, no person may disclose in public or private, information designated "Confidential" or "Confidential – Attorneys' Eyes Only", except as set forth in this Protective Order. Persons having access to "Confidential" and "Confidential – Attorneys' Eyes Only" information shall not disclose or provide such information to any person not authorized under this Protective Order. However, nothing contained in this Protective Order shall affect the right of any designating party to disclose to its officers, directors, employees, or experts information designated solely by it as "Confidential" or "Confidential – Attorneys' Eyes Only" or to otherwise use and/or disclose its own designated material as it deems appropriate.

4

6. **FILING UNDER SEAL.** Each time a party seeks to file under seal any material subject to this Protective Order, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum of law that specifies: (i) the exact document or item, or portions thereof, for which the filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion.

7. **ACCESS TO "CONFIDENTIAL" INFORMATION.** Information designated "Confidential" by a party may be disclosed by the other party, on a need-to-know basis, only to:

 a. the named individual parties, and in-house counsel (and their legal associates and regularly employed office staffs), partners, officers, directors, or managing agents for the named corporate parties;

 b. counsel of record for the named parties, their legal associates and regularly employed office staffs;

 c. independent consulting or trial experts for a receiving party, if, before such disclosure, each said expert executes an acknowledgment of the terms of this Protective Order in the form attached hereto as Exhibit A;

 d. court reporters employed by the parties to transcribe deposition testimony or similar proceedings;

5

e. service contractors (such as document copy services), jury consultants, and graphic artists;

f. any person who authored and/or was an identified original recipient of the particular Information sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular Designated Information sought to be disclosed;

g. the Court and those employed by the Court; and

h. such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

The parties hereby also agree that documents marked "Confidential" may be used at trial and shown to the jury, if any, without the necessity of a noticed motion to that effect.

8. **ACCESS TO "CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION.** Information designated "Confidential – Attorneys' Eyes Only" by a party may be disclosed by the other party, on a need-to-know basis, only to:

a. in-house counsel for the named parties, their legal associates and regularly employed office staffs;

b. counsel of record for the named parties, their legal associates and regularly employed office staffs;

c. independent consulting or trial experts for a receiving party, if, before such disclosure, each said expert executes an acknowledgment of the terms of this Protective Order in the form attached hereto as Exhibit A;

6

d. court reporters employed by the parties to transcribe deposition testimony or similar proceedings;

e. service contractors (such as document copy services), jury consultants, and graphic artists;

f. any person who authored and/or was an identified original recipient of the particular Information sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular Designated Information sought to be disclosed;

g. the Court and those employed by the Court; and

h. such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

The parties hereby also agree that documents marked "Confidential – Attorneys' Eyes Only" may be used at trial and shown to the jury, if any, without the necessity of a noticed motion to that effect.

9. **ACKNOWLEDGMENT OF ACCESS TO DESIGNATED INFORMATION.** Before obtaining access to any "Confidential" or "Confidential – Attorneys' Eyes Only" information covered by this Protective Order, each person, other than counsel (including a party's in-house counsel), their legal associates and regularly employed office staffs, who are permitted by the parties to have access to such information under this Protective Order must signify assent to the terms of this Order by executing an acknowledgment indicating that he or she has read and understood this Protective Order and agrees to be bound by its terms, in the form attached hereto as Exhibit A.

7

PPAB 4497140v1
4812-4232-4629, v. 1

10. **EXCLUSION OF UNAUTHORIZED PERSONS.** If any party intends to summarize, discuss, or otherwise use "Confidential" or "Confidential – Attorneys' Eyes Only" information at any deposition, hearing, or the trial of this action, all persons, other than those entitled to access to such information, shall be excluded from attendance at the deposition, hearing, or trial of this action, unless the parties otherwise agree in writing, or the Court otherwise orders. The parties agree that partners, officers, directors, or managing agents of the other party shall not be excluded from any portion of a trial or hearing except as absolutely necessary.

11. **DESIGNATION NOT DETERMINATIVE OF STATUS.** The designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not determine, affect, or otherwise constitute an admission or permit an inference of any other party about whether such information comprises a trade secret, confidential, or proprietary information. No party shall be obligated to challenge the propriety of such designation by any other party at the time of receipt of such information, and a failure to do so shall not preclude a later challenge to the propriety of the designation. However, all material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall remain designated as such until the Court rules to the contrary or until the designating party agrees in writing to withdraw or change the designation.

This Protective Order shall not foreclose a party from moving for an Order that any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" are not, in fact, confidential, or that the materials should not be given the designation "Confidential – Attorneys' Eyes Only" instead of "Confidential." In any such motion, the party asserting the confidentiality

8

PPAB 4497140v1
4812-4232-4629, v. 1

of the materials at issue shall bear the burden of proof of the need for confidentiality or the need for the "Confidential – Attorneys' Eyes Only" designation.

12. **DISCLOSURE TO AUTHOR OR ADDRESSEES.** Nothing herein shall prohibit a party, or its counsel, from disclosing a document which has been labeled "Confidential" or "Confidential – Attorneys' Eyes Only" to the person who is the author or addressee of such document.

13. **CUMULATIVE PROTECTION.** This Protective Order shall not abrogate or diminish any contractual, statutory, common law, or other legal obligation or right of any party or person concerning trade secret, confidential, or proprietary information. By stipulating to the entry of this Protective Order, no party shall waive any right to assert a claim of privilege, relevance, or other grounds for not producing information called for. Access to such information shall be allowed by separate agreement of the parties, or by order of the Court.

14. **RIGHT TO ADDITIONAL PROTECTION**. Nothing in this Protective Order shall be construed to preclude any party or third party from seeking and obtaining, on an appropriate showing, different or additional protection for any information or relief from any provision of this Protective Order; nor shall this Protective Order preclude any party from claiming that any information designated hereunder is not entitled to the designation originally provided.

15. **FINAL DISPOSITION.** Upon final disposition of this action, and request of the designating or producing party, all Designated Information provided to a receiving party, shall be returned to the designating or producing party, except that outside counsel may retain a copy of any Designated Information in its litigation files. The return of trial exhibits by the Court shall be governed by Local Civil Rule 79.1, E.D.N.C.

9

16. The terms of this Protective Order shall not end upon termination of this action, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause.

17. <u>The parties have agreed to be bound by the terms of this Stipulated Protective Order whether or not it is entered as an Order of the Court.</u>

PPAB 4497140v1
4812-4232-4629, v. 1

Respectfully submitted this the 22nd day of April 2019.

INVENTIV HEALTH CONSULTING, INC.,

By its attorneys,

/s/ Russell Beck
Russell Beck*, BBO No. 561031
　*rbeck@beckreed.com*
Stephen D. Riden, BBO No. 644451
　*sriden@beckreed.com*
Hannah T. Joseph*, BBO No. 688132
　*hjoseph@beckreed.com*
BECK REED RIDEN LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Phone: (617) 500-8660
Fax: (617) 500-8665
*\* Pro Hac Vice Motions to be Filed*


ALAN D. FRENCH, JR., PRIYA GOGIA, JASON DEBASITIS, and JIERU ZHENG,

By their attorneys,

/s/ Melanie Black Dubis
Melanie Black Dubis, N.C. State Bar No. 22027
Catherine R.L. Lawson, N.C. State Bar No. 44574
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Phone: 919.890.4158
Fax: 919.834.4564
Email: melaniedubis@parkerpoe.com
　　　　catherinelawson@parkerpoe.com

## **ORDER**

This Court hereby accepts and approves the Consent Protective Order set forth above.

SIGNED this 23 day of April, 2019.

Robert B. Jones, Jr., United States Magistrate Judge

11

## Exhibit A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order Re Confidential Information entered in *inVentiv Health Consulting, Inc. v. Alan D. French, Jr., et al.,* United States District Court for the Eastern District of North Carolina, Case No. 5:18-cv-295, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

SIGNED: _____