IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:18-CV-295-D

| | |
|---|---|
| INVENTIV HEALTH CONSULTING, INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ALAN D. FRENCH, JR., PRIYA GOGIA, JASON DEBASITIS, and JIERU ZHENG, | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO STAY OR IN THE ALTERNATIVE FOR EXTENSION OF TIME**

Defendants Jason Debasitis, Alan French, Priya Gogia, and Jieru Zheng (collectively, "Defendants") submit this Memorandum in Support of Defendants' Emergency Motion to Stay Enforcement of the February 12, 2020, order entered in this Court by U.S. Magistrate Robert B. Jones, [D.E. 63] (the "Magistrate Order" or the "Order"), until after the Court resolves Defendants' pending Appeal of Magistrate Order (the "Appeal"), which is filed contemporaneously with this Motion. Alternatively, if the Court declines to grant the Motion to Stay, Defendants submit this Memorandum in Support of Defendants' Motion for Extension of Time to comply with the Order.

**NATURE OF THE CASE & PERTINENT FACTS**

Defendants' Motion to Stay arises from an action by inVentiv Health Consulting, Inc. ("Plaintiff") against the four Defendants for alleged breaches of restrictive covenants in Defendants' employment agreements with Plaintiff. Plaintiff's allegations are based on Defendants' subsequent employment with Equitas Life Sciences, LLC, which was formed in November, 2015. *See* Complaint [D.E. 1, at ¶ 3]. Defendants Gogia and Zheng have subsequently left Equitas' employ. Plaintiff is also pursuing actions and discovery against additional parties in other jurisdictions for the same underlying events. *See inVentiv Health Consulting, Inc v. Equitas*

*Life Sciences, LLC et al*, C.A. No: 1781CV00600 (Sup. Ct. MA); *inVentiv Health Consulting, Inc. v. Summer Atkinson*, 18-cv-12560-ES-SCM (D.N.J.).

On February 12, 2020, the Honorable Robert B. Jones Jr, United States Magistrate Judge ruled on three pending discovery motions that Plaintiff filed between October 1, 2019, and November 27, 2019. [D.E. 33; D.E. 42; D.E. 52]. The Order, in relevant part:

- Granted in part and denied in part *Plaintiff's Motion to Compel Discovery from Defendant Alan D. French, Jr*. [D.E. 33];

- Granted *Plaintiff's Motion for Extension of Time to Complete Discovery* [D.E. 42]; and

- Granted *Plaintiff's Motion to Compel Production of ESI from Defendants* [D.E. 52].

[D.E. 63]. The Order did not address the proportionality of the requested ESI discovery to the needs of the case, or make any findings of fact that Defendants improperly withheld or destroyed any documents or communications. Nevertheless, the Order grants the extraordinary remedy of requiring Defendants to comply with Plaintiff's proposed "Protocol for Examination of Defendants' Electronic Devices and Associated Forensic Images," [D.E. 53-1] ("Plaintiff's ESI Protocol"). *See* [D.E. 63, at p 18]. Plaintiff's ESI Protocol would require Defendants to produce copies of

> the forensic images of laptop computer(s), cellular telephones, tablet devices, and any electronic storage devices, including without limitation USB thumb drives or external hard drives, and the email and cloud storage accounts used by the custodians identified in <u>Attachment A</u> (attached hereto) from January 1, 2015 to September 15, 2019[.]

[D.E. 53-1, at ¶ 1]. Plaintiff did not file the referenced "<u>Attachment A</u>" to Plaintiff's ESI Protocol.

Under the Protocol, Defendants must produce "exact copies of the forensic images of the Requested Media no later than five business days after this Protocol is agreed upon and signed."[1]

---

[1] It is not clear whether the five-business-day period for compliance began on Thursday, February 13, 2020, after the Order was entered, or whether it begins when Defendants and Plaintiff have an "agreed-upon and signed" version of the Protocol. Out of an abundance of caution, this Motion assumes without agreeing that

2
Case 5:18-cv-00295-D   Document 66   Filed 02/18/20   Page 2 of 11

[*Id.*, at ¶ 4]. Plaintiff's Protocol does not allow Defendants to withhold any devices based on relevance to discovery requests. For example, read literally, Plaintiff's protocol would require Defendant Zheng to turn over devices she uses in her current employment with an unrelated party, as well as devices acquired long after the alleged wrongdoing that contain solely personal information. Once images of Defendants' personal devices are turned over to the third-party forensic examiner, Plaintiff can request and obtain reports of all user files without Defendants having any chance to object to the disclosure of that information. [*Id.*, at ¶ 7]. For those documents that Defendants are entitled to review, they have only ten (10) days to object for reasons of "privilege, confidentiality, privacy (for irrelevant materials), or other applicable protection[.]" [*Id.*, at ¶ 11].

Defendants filed the Appeal of Magistrate Order contemporaneously with this Emergency Motion to Stay on the grounds that the Order is clearly erroneous and contrary to law. Accordingly, for the reasons set forth herein and in the Appeal, Defendants seek to stay enforcement of the Order until this Court resolves Defendants' Appeal. In the alternative, Defendants respectfully move this Court for a short extension of time to comply with the Order.

## ARGUMENT

The Order requires Defendants to produce all electronic devices *used by* each of the four Defendants over a nearly five-year period. The Order is not limited to Defendants' devices used to communicate about Plaintiff or about their employment with Equitas, or on which Defendants stored alleged confidential information belonging to Plaintiff. The Order, however, did not find or even consider whether Defendants improperly destroyed or withheld ESI during discovery, or whether the discovery sought has been or could be obtained by less intrusive means. Because

---

the five-business-day period started on Thursday, February 13, 2020, and runs to Thursday, February 20, 2020.

compliance with the Order requires Defendants to immediately incur significant legal fees, and requires Defendants to turn over five years of personal information to a third party without any finding of improper behavior, Defendants respectfully request that the Court stay the Order pending resolution of the Appeal.[2]

## I. Defendants Move the Court to Stay Enforcement of the Order Pending Appeal.

"Federal district courts have the power to stay their proceedings." *Liberty Mut. Fire Ins. Co. v. KB Home & KB Home Raleigh-Durham, Inc.*, No. 5:13-CV-831-BR(2), 2016 WL 6947026, at *2 (E.D.N.C. May 3, 2016). In the Fourth Circuit, "parties may seek a stay of [a] judgment pending appeal." *Auto-Owners Ins. Co. v. Potter*, 242 Fed. Appx. 94, 101 (4th Cir. 2007). Importantly, courts within the Fourth Circuit have stayed the enforcement of orders compelling production of documents, pending the resolution of concurrent litigation. *Stone v. Trump*, 356 F.Supp.3d 505 (D.Md. 2018) (staying magistrate judge's order compelling production of documents); *see also Liberty Mut. Fire v. KB Home*, 2016 WL 6947026, *aff'd sub nom.*, 2016 WL 5255581 (E.D.N.C. Sept. 22, 2016) (adopting magistrate judge's recommendation to stay enforcement of a motion to compel discovery pending resolution of a discovery dispute).

"When determining whether to stay proceedings, a district court generally considers (1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Atl. Coast Pipeline, LLC v. 11.57 Acres, More or Less, in Nash Cty., N. Carolina*, No. 5:18-CV-13-BO, 2018 WL 5988343, at *1 (E.D.N.C. Nov. 14, 2018) (internal quotation marks omitted). Some courts also consider "the length of the requested stay." *Stone*, 356 F.Supp.3d at 517. In deciding whether to grant a stay, courts must "balance the various factors relevant to the expeditious and comprehensive disposition

---

[2] Besides those portions of the Order that are the subject of the Appeal, Defendants are working to comply with the terms of the Order.

4
Case 5:18-cv-00295-D   Document 66   Filed 02/18/20   Page 4 of 11

of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.,* 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.,* 562 F.2d 294, 296 (4th Cir.1977)). Here, all factors counsel granting a brief stay of the Order pending resolution of the Appeal.

### A. Judicial economy favors staying the Order pending Appeal.

First, judicial economy weighs in favor of staying the Order. Courts have held that judicial economy favors a stay where resolution of an independent issue can "focus[] discovery," *Cunningham v. Homeside Fin., LLC*, No. CV MJG-17-2088, 2017 WL 5970719, at *2 (D. Md. Dec. 1, 2017), or where concerns about disclosure during discovery would "be significantly diminished upon resolution of" an independent action. *Liberty Mut. Fire v. KB Home*, 2016 WL 6947026, at *2, *aff'd sub nom.,* 2016 WL 5255581 (E.D.N.C. Sept. 22, 2016).

Here, staying the Order pending resolution of the Appeal would "focus discovery" on *only* that discovery that is proportional to the needs of the case and that has not otherwise been obtained through traditional and less intrusive means. Because Plaintiff's ESI Protocol requires Defendants to turn over all of the electronic devices "used" between January 1, 2015, and September 15, 2019, to a third-party forensic examiner, [D.E. 53-1, at ¶ 1], and because the Protocol does not allow Defendants to withhold any of the personal and largely irrelevant information stored on those devices, a stay of the Order will "significantly diminish[]" future litigation over unnecessary disclosures in discovery. If Plaintiff and Defendants disagree over Defendants' objections based on "privilege, confidentiality, privacy or irrelevancy," [D.E. 63, at p 16], Defendants' only recourse is to seek *in camera* review with the Court. [*Id.*, at pp 16-17]. This is not a productive use of judicial resources where Defendants have already produced all of the relevant, responsive documents in their possession, custody, and control, following a reasonable search, and the Court has not found otherwise. Accordingly, judicial economy favors staying the Order pending Appeal.

### B. Hardship and equity to Defendants favors staying the Order pending Appeal.

Second, the "hardship and equity to [Defendants] if the action is not stayed" weighs in favor of staying the Order. Absent a stay, Defendants will be forced to (i) incur significant costs; (ii) engage in "duplicative litigation"; and (iii) unnecessarily turn over private and privileged information to a third party, without recourse.

To begin, this Court has held that costs incurred by a moving party, absent a stay, demonstrate hardship. *See, e.g., Atl. Coast Pipeline, LLC*, No. 5:18-CV-13-BO, 2018 WL 5988343, at *1 (granting stay in a property dispute).

Here, although the Protocol charges the cost of the third-party forensics vendor to Plaintiff, Defendants must immediately incur the cost of obtaining the "exact copies" of each device from their own forensic vendor. Moreover, after receiving the "hit reports" from the forensic examiner, defense counsel has only ten days to object to any documents it believes are "privileged, confidential, or irrelevant"—a costly endeavor that defense counsel has already performed throughout discovery. [D.E. 63, at p 18]. In fact, because the Order does not limit the date range for a reasonable search, defense counsel must review documents generated in the years 2018 and 2019. Such communications are unlikely to yield relevant documents because the events at issue took place in 2015 and 2016, but they are *certain* to yield voluminous privileged communications between Defendants and counsel about the instant litigation. The risk of producing privileged material necessitates an exhaustive and costly review by defense counsel.[3]

Courts have also found hardship to the moving party where, "[a]bsent a stay, Defendants will be forced to duplicate its litigation efforts[.]" *Davis v. Biomet Orthopedics, LLC*, No. 12-3738-

---

[3] To the extent that Plaintiff offered to cover the costs of the forensic examination, [D.E. 63, at p 17], Plaintiff's offer does not include defense counsel's fees in preparing for or reviewing the exam or Defendants' costs in obtaining a forensic image of their devices. Further, Plaintiff has also moved to recover attorneys' fees, which means the costs of the forensic exam could yet end up on Defendants' plates. Thus, Defendants risk significant hardship if required to comply with the Order before resolution of the Appeal.

JKB, 2013 WL 682906, at *2 (D.Md. Feb. 22, 2013); *see also CIP Constr. Co. v. W. Sur. Co.*, No. 1:18CV58, 2018 WL 3520832, at *9 (M.D.N.C. July 20, 2018) (granting stay where otherwise "the parties w[ould] be 'forced to expend the time and expense to prove facts, claims and damages that are substantially duplicative.'"). For example, this Court granted a stay pending resolution of an independent action where, "absent a stay, duplicative litigation would result[,]" including duplicative discovery in two jurisdictions. *Precision Biosciences, Inc. v. Cellectis S.A.*, No. 5:11-CV-00091-H, 2011 WL 6001623, at *2 (E.D.N.C. Nov. 30, 2011) ("The Court is convinced that both the parties and the Court will benefit from the conservation of resources resulting from a stay[.]").

Here, not only would defense counsel be required to undertake a costly review of the forensic examination, but defense counsel also would duplicate the exact same work that it already performed during discovery. Indeed, beginning in April 2019, the four Defendants and their counsel spent months reviewing Defendants' personal devices for documents responsive to Plaintiff's **eight hundred and eighty-seven (887) total requests for production of documents**. The Order requires Defendants to trample that well-worn ground once again. The Order, however, did not find that Defendants improperly destroyed or withheld documents during discovery. Thus, immediate compliance with the Order would require Defendants to duplicate—without cause— the exact same discovery endeavors they have already performed.

Finally, this Court has found hardship where, absent a stay, the moving party would suffer irreversible harm. *Atl. Coast Pipeline, LLC*, No. 5:18-CV-13-BO, 2018 WL 5988343, at *1 (granting a stay where, otherwise, proceeding would result in "felling a historic tree"). As federal courts have recognized, turning over documents during the course of discovery is irreversible. *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time."); *In re*

*Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("Once information is published, it cannot be made secret again."). Here, Defendants must turn over all electronic devices, including computers and cell phones, "used" between January 1, 2015 and late 2019, with no screening for relevance before providing the devices to the third party examiner. While established confidentiality provisions will undoubtedly be in place, Defendants largely lose the ability to object to production once these documents are in the hands of a third party, which itself can be subpoenaed. Thus, Defendants would suffer irreversible hardship by complying with the Order before resolution of the Appeal.

### C. The minimal prejudice, if any, to Plaintiff favors stay of the Order.

Third, the potential prejudice to Plaintiff in the event of a stay is minimal, at most. Importantly, Defendants have *already* produced all of the relevant, responsive documents in their possession, custody, and control following reasonable searches. The Court has not made any finding to the contrary. The Court has not made any finding that Defendants improperly destroyed or withheld any documents. Plaintiff's counsel bemoans that Defendants' production does not rival the 800,000-plus pages that Plaintiff has produced, [D.E. 34, at p 4], but the Federal Rules of Civil Procedure do not condone document dumps.[4] Instead, the Rules require Defendants to produce relevant, responsive, non-privileged documents, and Defendants have done so. *See* F.R.C.P. 26(b) (2018). In short, the documents that Plaintiff seeks are *already* in Plaintiff's hands and, thus, Plaintiff will not be prejudiced by a brief stay of the Order.

Moreover, this Court has held that "delay alone is insufficient to prevent [a] stay." *Matherly v. Gonzales*, No. 5:11-CT-3020-BR, 2013 WL 393335, at *2 (E.D.N.C. Jan. 31, 2013). In response to this Motion, Plaintiff's counsel likely will rejoin his oft-used but ill-supported claim that

---

[4] Indeed, many of the 800,000 pages appear to include mass-marketing emails or have been produced in or related to another case in this Court, *Campbell Alliance Group, Inc. v. Lynn Forrest*, No. 5:15-cv-00667-D.

8

Defendants are employing a "run-out-the-clock strategy." *See, e.g.*, [D.E. 43, at p 9]. A brief stay of the Order pending Appeal, however, does not impose undue delay. It merely allows the Court to consider the equities of turning over five years of private information to a third party without cause. Thus, a brief stay for the Court to consider Defendants' Appeal is a necessity for equitable resolution of this case. Again, Plaintiff suffers no prejudice by a brief stay of the Order.

### D. The length of the requested stay favors staying the Order pending Appeal.

Fourth, Defendants only request that the Order be stayed pending the Court's resolution of the Appeal. Thus, the brief length of the requested stay weighs in favor of staying the Order.

In sum, the balance of the "factors relevant to the expeditious and comprehensive disposition" of this action counsel a brief stay of the Order pending this Court's review of Defendants' Appeal. *Universal Elections, Inc.,* 729 F.3d at 375.

## II. Alternatively, Defendants seek an extension of time to comply with the Order.

If this Court declines to grant Defendants' Motion to Stay, Defendants move the Court for an Extension of Time to comply with the Order. Under Rule 6, "the court may, for good cause, extend the time . . . if a request is made[] before the original time . . . expires[.]" F.R. Civ. P. 6(b)(1)(A) (2018); *see also* Local Civil Rule 6.1(a) (E.D.N.C. 2019).

Defendants request that this Court grant Defendants an additional five business days, until February 27, 2020, to comply with the Order by providing forensic images of their devices to the third-party examiner. Here, the Order and Plaintiff's ESI Protocol require Defendants to produce all electronic devices "used by" certain custodians over a nearly five-year period, within five business days. [D.E. 53-1 at ¶¶ 1, 4]. While Defendants are working diligently, full compliance with Plaintiff's ESI Protocol may not be possible within five days. For example, one of the four Defendants, Priya Gogia, has been travelling in India and arrived back in the United States on February 17, 2020, only three days before the Order's deadline for compliance. Further,

Defendants need additional time to image the devices sought before providing "exact copies" of the images to Plaintiff, if necessary. [D.E. 53-1, at ¶ 4]. Moreover, if Defendants must image devices that they use *currently*, Defendants need additional time to make arrangements to be temporarily without those devices. Thus, Defendants have good cause to seek an additional five business days to comply with the Order, if necessary and pending this Court's ruling on Defendants' Motion to Stay.

## CONCLUSION

For the foregoing reasons, Defendants move the Court to enter an order staying enforcement of the Order until after the Court rules on Defendants' pending Appeal, filed contemporaneously with this Motion. Alternatively, if the Court declines to grant the Motion to Stay, Defendants move the Court for an extension of time necessary for compliance with the Order.

This the 18th day of February, 2020.

/s/ Melanie Black Dubis
Melanie Black Dubis
N.C. State Bar No. 22027
melaniedubis@parkerpoe.com
Tory Ian Summey
N.C. State Bar No. 46437
torysummey@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
Post Office Box 389
Raleigh, North Carolina 27602-0389
Tel: (919) 828-0564
Fax: (919) 834-4564
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO STAY OR IN THE ALTERNATIVE DEFENDANTS' MOTION FOR EXTENSION OF TIME** was electronically filed on this day with the Clerk of Court using the CM/ECF system which will automatically send notice of such filing addressed to the following:

> F. Marshall Wall
> CRANFILL SUMNER & HARTZOG, LLP
> Post Office Box 27808
> Raleigh, NC 27611-7808
> Email: mwall@cshlaw.com
>
> Stephen D. Riden
> BECK REED RIDEN LLP
> 155 Federal Street, Suite 1302
> Boston, Massachusetts 02110
> Email: sriden@beckreed.com
> *Counsel for Plaintiff*

This 18th day of February, 2020.

                                             /s/ Melanie Black Dubis
                                             Melanie Black Dubis
                                             N.C. State Bar No. 22027
                                             melaniedubis@parkerpoe.com
                                             Tory Ian Summey
                                             N.C. State Bar No. 46437
                                             torysummey@parkerpoe.com
                                             PARKER POE ADAMS & BERNSTEIN LLP
                                             Post Office Box 389
                                             Raleigh, North Carolina  27602-0389
                                             Tel:  (919) 828-0564
                                             Fax:  (919) 834-4564
                                             *Attorney for Defendants*